Slip Op. 10-71

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ROYAL UNITED CORP., | |
| Plaintiff, | Before: Pogue, Judge |
| - v - | Court No. 09-00351 |
| UNITED STATES, | |
| Defendant. | |

**OPINION**

[Complaint dismissed for lack of subject matter jurisdiction.]

Dated: June 25, 2010

Hume & De Luca, PC (Robert T. Hume and Stephen M. De Luca) for the Plaintiff.

Tony West, Assitant Attorney General; Jeanne E. Davidson, Director; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Stephen C. Tosini), and, of counsel, Aaron P. Kleiner, Attorney-International, Office of the Chief Counsel for Import Administration, Department of Commerce, for Defendant United States. for the Defendant.

**Pogue, Judge:** In this matter, Plaintiff, an importer of

axes/adzes from the People's Republic of China ("China" or

"PRC"), seeks re-liquidation of two of its entries at the cash

deposit rate, rather than at the assessment rate determined by

the Department of Commerce ("Commerce" or "the Department") in

its periodic administrative review of the antidumping duty order

covering Plaintiff's entries. Plaintiff, however, did not

participate in that administrative review proceeding, despite

constructive notice of the opportunity to do so. Because of

Plaintiff's failure to so participate, and because Plaintiff's

complaint would require the court to review Commerce's

administrative proceeding, the Plaintiff has failed to satisfy a

statutory prerequisite for judicial review and therefore lacks

standing to bring its Complaint.  Accordingly, the court must

dismiss the action for lack of jurisdiction.[1]

## BACKGROUND

The administrative proceeding at issue was a review of a

1991 antidumping duty order on four classes of heavy forged hand

tools, which included axes/adzes. Heavy Forged Hand Tools,

Finished or Unfinished, With or Without Handles From the People's

Republic of China, 56 Fed. Reg. 6622 (Dep't Commerce February 19,

1991)(notice constituting antidumping duty orders).[2]  Commerce

initiated this administrative review in response to four separate

requests for review, all made in late February 2006. Initiation

of Antidumping and Countervailing Duty Administrative Reviews and

Deferral of Administrative Reviews, 71 Fed. Reg. 17,077 (Dep't

Commerce Apr. 5, 2006) ("Notice of Initiation"); Heavy Forged

Hand Tools, Finished or Unfinished, With or Without Handles, From

---

[1] In response to Plaintiff's Complaint, Defendant moves to
dismiss for failure to state a claim for which relief may be
granted, pursuant to USCIT Rule 12(b)(5). Because it lacks
jurisdiction, the court will not decide Defendant's motion.

[2] In considering a motion to dismiss, "the court may
consider matters of public record." Sebastain v. United States,
185 F.3d 1368, 1374 (Fed. Cir. 1999).

the People's Republic of China, 72 Fed. Reg. 10492 (Dep't

Commerce Mar. 8, 2007) (preliminary results and partial

rescission of the 2005-2006 administrative reviews) ("Preliminary

Results") (noting the four requests for initiation of review).

    Because the goods at issue come from China, which Commerce

considers to be a nonmarket economy ("NME"), Commerce employed

its rules and practices for NMEs in these proceedings.

Specifically, for goods imported from an NME, Commerce employs a

presumption that all exporters in the NME are under state

control. See Sigma Corp. v. United States, 117 F.3d 1401, 1405-06

(Fed. Cir. 1997)(upholding the presumption of state control as

within Commerce's authority).[3]

    Applying its presumption of state control, it is Commerce's

practice to "conditionally" cover, in a review, an NME-wide

entity, even when no review of a NME-wide entity has been

requested.  Commerce gives notice of its practice by publication

_____

[3] See also Decca Hospitality Furnishings, LLC v. United
States, 29 CIT 920, 921, 391 F. Supp. 2d 1298, 1300 (2005)("While
Commerce presumes that all companies [operating in a non-market
economy] are under state-control, a company may rebut this
presumption, and therefore qualify for an antidumping duty rate
separate from the PRC-wide rate, if it demonstrates de jure and
de facto independence from government control.").  Companies
qualifying for such "separate" rates are referred to as having
"separate rate status." Commerce requires an exporter from an
NME to demonstrate its entitlement to such separate rate status.
Sigma Corp., 117 F.3d at 1405(citing Tianjin Mach. Imp. & Exp.
Corp. v. United States, 16 CIT 931, 935, 806 F. Supp. 1008, 1013-
14 (1992)).

in the Federal Register.  After such notice, if at least one

named exporter[4] fails to demonstrate independence from government

control, the NME-wide entity, and therefore all exporters who

fail to demonstrate their independence, are also covered by the

results of the review.

Pursuant to this conditional coverage practice, when it

initiates a review, Commerce instructs the Bureau of Customs and

Boarder Protection ("CBP" or "Customs") to suspend liquidation of

entries of subject merchandise from all unnamed exporters from

the NME who have not demonstrated entitlement to a company-

specific rate.  Upon completing its review, Commerce may then

order the entries liquidated at the rate it assesses against the

products of the NME-wide entity.[5]

---

[4] Reference to a "named exporter" throughout this opinion
refers to exporters for whom review was explicitly requested, and
whose name appears in the notice of initiation of review.

[5] See Transcom, Inc. v. United States, 294 F.3d 1371, 1379-
80 (Fed. Cir. 2002) ("Transcom IV") (discussing 19 C.F.R.
§ 353.22(e)(2)(1994), renumbered as 19 C.F.R.
§ 351.212(c)(2)(2007)).  The Court of Appeals for the Federal
Circuit ("Federal Circuit") initially rejected the practice of
subjecting unnamed exporters to the results of administrative
review as part of an NME-wide entity, on the ground that such
exporters were entitled to express notice. Transcom, Inc. v.
United States, 182 F.3d 876, 882-83 (Fed. Cir. 1999). The court,
however, later upheld Commerce's response to this requirement,
finding the language in its notice of initiation of
administrative review as sufficient to reasonably inform unnamed
interested exporters, in light of announced departmental policy,
to satisfy due process notice requirements. Transcom IV, 294 F.3d
at 1377-82.

The two Chinese exporters of the merchandise at issue in this case, Jiangsu Sainty and Shanxi Tianli, were not among those companies for whom review was requested in the administrative review in question.  However, following its conditional coverage practice, Commerce included the following language in the <u>Notice of Initiation</u>, as a footnote to its list of companies to be reviewed:

> If . . . one of the above-named companies does not qualify for a separate rate, all other exporters of [axes/adzes] from . . . China who have not qualified for a separate rate are deemed to be covered by this review as part of the single PRC entity of which the named exporters are a part.

<u>Notice of Initiation</u>, 71 Fed. Reg. at 17,079 n.6.[6]

As anticipated by Commerce's notice, at least one of the named exporters for whom review was requested failed to qualify for separate rate status.  Commerce accordingly included the China-wide entity within the scope of this review.  <u>Preliminary</u>

---

[6] Defendant correctly points out that language essentially identical to that used by the Department in this case previously has been upheld by the Federal Circuit as sufficient to notify unnamed exporters from the relevant NME country that they may be subject to the results of the review as part of the NME-wide entity, unless they prove their entitlement to separate rate status. ([Def.'s] Mot. to Dismiss 9.) <u>Compare</u> <u>Notice of Initiation</u>, 71 Fed. Reg. at 17,079 n.6 <u>with</u> <u>Huaiyin Foreign Trade Corp. (30) v. United States</u>, 322 F.3d 1369, 1377 (Fed. Cir. 2003) (quoting <u>Initiation of Antidumping and Countervailing Duty Administrative Review, Requests for Revocation in Part and Deferral of Administrative Reviews</u>, 63 Fed. Reg. 58,009, 58,010 (Dep't Commerce Oct. 29, 1998)). <u>See</u> <u>Huaiyin</u>, 322 F.3d at 1377-78 (upholding the language used as sufficient to "satisf[y] controlling statutory and regulatory requirements").

Results, 72 Fed. Reg. at 10,494 ("Jafsam (with respect to all
four classes or kinds [of merchandise subject to the antidumping
duty order, including axes/adzes]) failed to respond to the
Department's requests for information.  . . .  By failing to
adequately respond to the Department's requests for information,
. . . Jafsam . . . ha[s] not demonstrated [that it is] free of
government control, [is] therefore not eligible to receive a
separate rate, and [is] accordingly being treated as part of the
PRC-wide entity."); see also id. at 10,497 & n.2 (listing PRC-
wide rate for "Heavy Forged Hand Tools from the PRC: Axes/Adzes,"
and noting that "[t]he PRC-wide entity for Axes/Adzes includes
Jafsam.").[7]

---

[7] Plaintiff erroneously claims that, because "Jafsam did not
respond to [Commerce's] questionnaires[,] [it] therefore did not
participate [in the administrative review proceeding]," and that
accordingly Jafsam's failure to qualify for separate rate status
may not be used to invoke the conditional coverage provision in
the notice of initiation. (Pl.'s Opp'n to Def.'s Mot. to Dismiss
("Pl.'s Resp.") 9-10.) Plaintiff, however, does not accurately
characterize the nature of the conditional coverage doctrine. As
quoted above, Commerce's Notice of Initiation explained that if
"one of the []named companies does not qualify for a separate
rate," then "all other exporters of [axes/adzes] from . . . China
who have not qualified for a separate rate are deemed to be
covered by this review as part of the single PRC entity of which
the named exporters are a part." Notice of Initiation, 71 Fed.
Reg. at 17,079 n.6. As explained by the Department in the
Preliminary Results, one of the named companies – Jafsam – failed
to respond to Commerce's requests for information and therefore
failed to qualify for separate rate status. 72 Fed. Reg. at
10,494. Accordingly, the "condition" on which the PRC-wide
entity and any Chinese exporters of subject merchandise failing
to prove independence therefrom were "conditionally covered" was
satisfied. See also Transcom IV, 294 F.3d at 1377-83 (upholding

Affirming these preliminary results, Commerce, in its final results, applied a 189.37 percent dumping margin on axes/adzes from the China-wide entity. <u>Heavy Forged Hand Tools, Finished or Unfinished, With or Without Handles, from the People's Republic of China</u>, 72 Fed. Reg. 51,787, 51,790 (Dep't Commerce Sept. 11, 2007) (final results and rescissions of the 2005-2006 administrative reviews).  Based on these final results, Commerce then issued liquidation instructions to CBP, directing CBP to liquidate entries covered by the review in accordance with the final results. (<u>See</u> Am. Compl. ¶ 13.)

Plaintiff's two entries at issue are axes/adzes subject to the antidumping duty order on heavy forged hand tools from China, entered during the period of administrative review, in August

---

the invocation of conditional coverage provision where those named exporters who failed to demonstrate entitlement to separate rate status had failed to provide information to Commerce, and thus had been assessed a PRC-wide rate based on facts available).

For this same reason, Plaintiff's request to stay this case, pending final decision in a case involving another respondent in this review (Pl.'s Resp. 1, 12), is irrelevant.  Regardless of the outcome of a case in which the separate rate status of *another* respondent may or may not be subject to change, *Jafsam* remains a named exporter of axes/adzes from China who did not qualify for a separate rate, and was therefore deemed by Commerce to be part of the PRC-wide entity.  By failing to qualify for a separate rate, Jafsam subjected the PRC-wide entity and all entities who failed to prove independence therefrom, including the Chinese exporters at issue here, to the results of the review of the order on axes/adzes from China.

2005 and November 2005. (Am. Compl. ¶ 1.)[8]  Accordingly, after

notification to Plaintiff, in early 2008, CBP liquidated

Plaintiff's two entries at the China-wide assessment rate of

189.37 percent. (Id. ¶ 11.)[9]  Plaintiff filed a protest of the

liquidation and requested an application for further review, both

of which were denied by CBP on the ground that the liquidations

were executed in accordance with Commerce's instructions at the

close of the review. (See id. ¶ 13.)

Seeking review of CBP's action, Plaintiff, in its Complaint,

now requests an order directing CBP to re-liquidate these entries

at the cash deposit rate paid at their time of entry. (Id. ¶ 15.)

Plaintiff contends that because no interested party requested

review of the specific Chinese exporters of the products

Plaintiff imported,[10] the merchandise was improperly liquidated

---

[8] There is no indication, and Plaintiff's complaint does not
allege, that this merchandise was produced or exported by
entities which should have been declared by Commerce to qualify
for separate rate status.

[9] In other proceedings reviewing the final results, the
court has concluded that Commerce's use of adverse facts
available ("AFA") as the basis for the China-wide assessment rate
on axes/adzes was supported by substantial evidence. Shandong
Mach. Imp. & Exp. Co. V. United States, Slip Op. 09-64, 2009 Ct.
Intl. Trade LEXIS 76, at *16 (CIT June 24, 2009).  The assessment
rate of 189.73 percent was higher than the rate in effect at the
merchandise's time of entry.

[10] Although Plaintiff's complaint ambiguously alleges that
"[n]o interested party within the meaning of 19 U.S.C.
§§ 1516a(f)(3) and 1677(9)(A) . . . requested an administrative
review for the axes/adzes sold and entered during the 2005-2006

at the assessment rate from the administrative review, which

included antidumping duties.  Plaintiff argues, in essence, that

the exporters of its merchandise were unlawfully covered by the

results of the instant administrative review of the antidumping

duty order on axes/adzes from China. (See id. ¶¶ 2, 7-15.)

      Plaintiff asserts that it has a cause of action under the

Administrative Procedure Act ("APA")[11], and that this court has

jurisdiction over its claim pursuant to 28 U.S.C.

§ 1581(i)(2006). (Am. Compl. ¶¶ 1-3.)  However, as further

explained below, the court concludes that, based on the facts

alleged in Plaintiff's complaint, Plaintiff could and should have

brought its claim under Section 516A of the Tariff Act of 1930,

---

review period conducted by Commerce" (Am. Compl. ¶ 8), Plaintiff
has confirmed that the intended meaning of this allegation is
that no interested party requested an administrative review of
the specific Chinese exporters of the two entries at issue in
this case, and that Plaintiff does not contest that interested
parties within the meaning of the antidumping statute did request
an administrative review for axes/adzes sold and entered during
the 2005-2006 review period. (Status Conf. Tr. [Dkt. No. 23], 4,
Jan. 26, 2010; see also Pl.'s Resp. 2.)

      [11] Section 704 of the APA states that "[a]gency action made
reviewable by statute and final agency action for which there is
no adequate remedy in a court are subject to review." 5 U.S.C.
§ 704. Section 702 of that Act provides that "[a] person
suffering legal wrong because of agency action, or adversely
affected or aggrieved by agency action within the meaning of a
relevant statute, is entitled to judicial review thereof." Id. at
§ 702.

as amended, 19 U.S.C. § 1516a (2006),[12] and may not now use the

broad provisions of the APA and 28 U.S.C. § 1581(i) to circumvent

the special statutory procedures and prerequisites enacted by

Congress for the adjudication of a Section 1516a claim in this

Court. See, e.g., Nat'l Corn Growers Ass'n v. Baker, 840 F.2d

1547, 1556-57 (Fed. Cir. 1988) (if claim could have been brought

under Section 1516, jurisdiction under Subsection 1581(i) may not

be invoked to adjudicate the same claim under the APA, because

doing so would circumvent the proper procedures of Section 1516).

     As is also further explained below, "the true nature of

[Plaintiff's] action"[13] is such that the sole potential basis for

jurisdiction is pursuant to 28 U.S.C. § 1581(c). See Transcom,

Inc. v. United States, 121 F. Supp. 2d 690, 693, 695-96 (CIT

2000) ("Transcom III"), aff'd, 294 F.3d 1371 (Fed. Cir. 2002).

However, because Plaintiff - by failing to participate in the

administrative review proceeding the results of which Plaintiff

now seeks to challenge[14] - has failed to meet a statutory

_____

[12] Further citation to the Tariff Act of 1930, as amended, is
to Title 19 of the U.S. Code, 2006 edition.

[13] Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347,
1355 (Fed. Cir. 2006) (noting that "a party may not expand a
court's jurisdiction by creative pleading," and that courts must
"look to the true nature of the action" in determining
jurisdiction (internal quotation marks and citation omitted)).

[14] See 28 U.S.C. § 2631(c) ("A civil action contesting a
determination listed in section 516A of the Tariff Act of 1930
may be commenced in the Court of International Trade by any

prerequisite for this Court's exercise of jurisdiction under

Subsection 1581(c), the Plaintiff lacks standing to bring its

action, and the court therefore lacks subject matter jurisdiction

to hear Plaintiff's claim. See Miller & Co. v. United States, 824

F.2d 961, 964 (Fed. Cir. 1987) (affirming dismissal of claim over

which plaintiff sought jurisdiction under § 1581(i), because

"[the] action falls clearly under § 1581(c)" but plaintiff failed

to participate in the administrative proceeding sought to be

reviewed).

### STANDARD OF REVIEW

In considering a motion to dismiss, the court accepts all

factual allegations in a plaintiff's complaint to be true. See

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). However, courts

are not bound to accept the truth of legal conclusions stated in

the complaint. Id. at 1949-50. Moreover, the court will not

accept as true Plaintiff's claimed basis for jurisdiction.

Instead, "[e]very federal court has the responsibility to

determine whether it . . . has jurisdiction." Martin ex rel.

Martin v. Sec'y of Health & Human Servs., 62 F.3d 1403, 1406

(Fed. Cir. 1995)). See also Booth v. United States, 990 F.2d 617,

_____

interested party who was a party to the proceeding in connection
with which the matter arose."); Nucor Corp. v. United States, 31
CIT __, 516 F. Supp. 2d 1348, 1349 (2007) (dismissing action
because plaintiff did not participate in administrative review to
the extent necessary to qualify as a party to that proceeding for
purposes of bringing an action under Subsection 1581(c)).

620 (Fed. Cir. 1993) (federal court may assess whether it has

subject matter jurisdiction over the case before it *sua sponte* at

any time).

        To determine the appropriate basis for jurisdiction, if any,

the court must glean from Plaintiff's complaint "the true nature

of the action." Norsk Hydro, 472 F.3d at 1355 (internal quotation

marks and citation omitted).  The court "must have its own

independent basis for jurisdiction under 28 U.S.C. § 1581."

Shinyei Corp. of America v. United States, 355 F.3d 1297, 1304

(Fed. Cir. 2004).[15]

---

[15] Subsection (i) confers residual jurisdiction to the court, and is available when jurisdiction under subsections (a)-(h) is unavailable or when relief under the appropriate subsection would be inadequate.  Shinyei, 355 F.3d at 1304-05.  Subsection (i) specifically states that "[t]his subsection shall not confer jurisdiction over an antidumping [] duty determination which is reviewable . . . by the Court of International Trade under section 516A(a) of the Tariff Act of 1930," jurisdiction over which is granted pursuant to 28 U.S.C. § 1581(c). 28 U.S.C. § 1581(i).  See also Consol. Bearings Co. v. United States, 348 F.3d 997, 1002 (Fed. Cir. 2003); Norcal/Crosetti Foods, Inc. v. United States, 963 F.2d 356, 359 (Fed. Cir. 1992) ("Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that subsection would be manifestly inadequate." (emphasis, quotation marks and citation omitted)). As the Federal Circuit explained in Shinyei, if the plaintiff alleges an error by CBP, its claim falls under 19 U.S.C. § 1514, governing the protest of CBP decisions, a denial of which is reviewable by this Court under jurisdiction conferred by 28 U.S.C. § 1581(a). Shinyei, 355 F.3d at 1302 n.2.  On the other hand, if a plaintiff's complaint alleges that Commerce's instructions to CBP were not in accordance with the results of its own determinations from the administrative review, then jurisdiction would be proper under 28 U.S.C. § 1581(i)(4), as a challenge to the manner in which Commerce administered the

    Plaintiff bears the burden of establishing that its cause of
action is within the reach of Subsection 1581(i). <u>Miller</u>, 824
F.2d at 964.  As explained below, Plaintiff has failed to meet
this burden.

**Discussion**

    It is, of course, axiomatic that this Court exercises
jurisdiction pursuant to Subsection 1581(i) to adjudicate a cause
of action under the APA.[16]  The court exercises its 1581(i)
jurisdiction, however, when, on the facts alleged in a
plaintiff's complaint, jurisdiction under Subsections 1581(a)
through (h) could not have adequately covered the true nature of
Plaintiff's action. <u>Shinyei</u>, 355 F.3d at 1304-05.

    As provided by the APA, if an agency action is "made
reviewable by statute [in this case, under 19 U.S.C. § 1516a over
which the court has jurisdiction under 1581(c)]," 5 U.S.C. § 704,

---

results of its final determinations. <u>See</u> <u>Consol. Bearings</u>,
348 F.3d at 1002. Finally, if a plaintiff's complaint directly
challenges a final determination made by Commerce, the court's
jurisdiction flows from 28 U.S.C. § 1581(c). <u>See, e.g.</u>, <u>Transcom
III</u>, 121 F. Supp. 2d at 693, 695-96 (2000). <u>Accord</u> <u>Belgium v.
United States</u>, 551 F.3d 1339, 1347 (Fed. Cir. 2009) (correlating
these three types of actions with their respective bases for
jurisdiction under subsections 1581(a), (c), and (i)).

    [16]<u>See, e.g.</u>, <u>Nat'l Fisheries Inst., Inc. v. United States</u>, __
CIT __, 637 F. Supp. 2d 1270, 1281 (2009) (noting that when this
Court exercises jurisdiction pursuant to Subsection 1581(i), "the
cause of action generally is considered to arise under the APA"
(citing <u>Motion Sys. Corp. v. Bush</u>, 28 CIT 806, 818, 342 F. Supp.
2d 1247, 1258 (2004), <u>aff'd per curiam</u>, 437 F.3d 1356 (Fed. Cir.
2006))).

then "[t]he form of proceeding for judicial review [of such an action] is the special statutory review proceeding relevant to the subject matter in a court specified by statute." See id. at § 703.  Only if the challenged final agency action is one "for which there is no other adequate remedy in a court," id. at § 704, does the APA provide an independent cause of action. See id. at § 703-04. See also, e.g., Bowen v. Mass., 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action[,] [and] . . . § 704 does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." (quotation marks, footnotes and citations omitted)); Abitibi-Consol. Inc. v. United States, 30 CIT 714, 718, 437 F. Supp. 2d 1352, 1357 (2006) (noting that Section 704 of the APA "is mirrored in the court's residual jurisdiction case law, which . . . prescribes that section 1581(i) supplies jurisdiction only if a remedy under another section of 1581 is unavailable or manifestly inadequate").

Accordingly, the APA provides a plaintiff with an independent cause of action where that plaintiff pleads facts sufficient to establish that it could not have availed itself of an existing statutory cause of action. See, e.g., Nereida Trading Co., Inc. v. United States, __ CIT __, 683 F. Supp. 2d 1348, 1357 (2010) (no independent cause of action under the APA when

plaintiff "has not demonstrated that the actions it attributes to
[the agency] fall beyond 5 U.S.C. § 704's first prong ("[a]gency
action made reviewable by statute") and under [5] U.S.C. § 704's
second prong ("final agency action for which there is no other
adequate remedy in a court").

Plaintiff's amended complaint appears to claim a cause of
action under the APA, alleging that "as [an] importer [of subject
merchandise], [Plaintiff] was adversely aggrieved by CBP's
improper liquidation of the entries using an antidumping duty
rate other than the rate in effect at the time of entry" (Am.
Compl. ¶ 3 (citation omitted)). The facts alleged in Plaintiff's
complaint, however, do not amount to a claim of error on the part
of Customs.[17] (See id. ¶ 13 (alleging that CBP notified Plaintiff
that its entries were liquidated pursuant to Commerce's
instructions); Pl.'s Resp. 7 (noting that "CBP merely carried out
Commerce's liquidation instructions").) Rather, on the facts

_____

[17] The factual allegations in Plaintiff's complaint are that:
1) no interested party within the meaning of the statute
requested an administrative review of antidumping duties to be
imposed on products from the two specific exporters at issue (Am.
Compl. ¶ 8); 2) that Customs liquidated these entries pursuant to
Commerce's instructions, following the final results of an
administrative review (see id. ¶¶ 11, 13); and 3) that Plaintiff
filed a protest of the liquidation with Customs (id. ¶ 12). On
the basis of these facts, Plaintiff claims that it was aggrieved
by agency action, because its entries should have been "deemed
liquidated" under 19 U.S.C. § 1504(a), rather than liquidated at
the rate established by the final results of Commerce's
administrative review. (See id. 3, 15.)

pled in Plaintiff's amended complaint and the arguments presented
in Plaintiff's subsequent briefing, the true nature of
Plaintiff's action is as a challenge to Commerce's decision to
include Plaintiff's entries within the coverage of the final
results of Commerce's administrative review, see Transcom IV, 294
F.3d at 1375-77 (describing facts very similar to those alleged
in this case, and characterizing the plaintiff's claim as a
challenge to the legality of subjecting non-individually named
exporters to the results of administrative reviews through the
doctrine of conditional coverage), and Plaintiff has confirmed
this to be case. (See Tel. Conf. Tr. [Dkt. No. 26], 3, June 9,
2010.)

      Plaintiff particularly claims that no interested party
within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A)
specifically requested a review of the exporters of the two
entries in question (Am. Compl. ¶¶ 8, 15[18]), and that,
accordingly, the results of an administrative review under
Section 1675(a) cannot apply to these entries, such that their
liquidation is properly governed by Section 1504(a). (See Am.
Comp. ¶¶ 7-15.)[19]   Thus, the true nature of Plaintiff's complaint

_____

      [18] See *supra* note 10.

      [19] Section 1504 states that, "*except as provided in section
1675(a)(3) of this title*, an entry of merchandise for consumption
not liquidated within 1 year from . . . the date of entry of such
merchandise . . . shall be deemed liquidated at the rate of duty,

is as a challenge to Commerce's authority to review and impose

duties pursuant to an administrative review conducted under 19

U.S.C. § 1675(a).[20]

---

value, quantity, and amount of duties asserted by the importer of
record." 19 U.S.C. § 1504(a)(1)(emphasis added). The emphasized
exception is applicable here. Specifically, Section 1675(a)(3)
applies to entries covered by a periodic administrative review of
the amount of antidumping duties owed on them, see 19 U.S.C.
§§ 1675(a)(1)(B) & (3)(B), and exempts such entries from the
requirements of Section 1504(a). See 19 U.S.C. § 1504(a)(1).
(Liquidation of entries covered by a periodic administrative
review under Section 1675(a)(3) is suspended pending the results
of such review, see 19 C.F.R. § 159.58(a); accordingly, such
entries are not "deemed liquidated" under Section 1504(a), one
year from the date of entry. However, entries subject to
administrative review may nevertheless be "deemed liquidated" if,
absent certain procedural conditions, CBP fails to liquidate such
entries six months after receiving notice of the removal of
suspension of liquidation following completion of the
administrative review. 19 U.S.C. § 1504(d). See Int'l Trading Co.
v. United States, 412 F.3d 1303, 1310-12 (Fed. Cir. 2005).)
      More specifically, a condition precedent to the
applicability of Section 1675(a), and hence to the exemption of
Plaintiff's entries from the requirements of Section 1504(a), is
that a review of antidumping duty determinations must have been
requested with respect to those entries. 19 U.S.C.
§ 1675(a)(1)(providing that Commerce shall review its
determination of antidumping duties for entries of merchandise
covered by an antidumping duty order only if, inter alia, "a
request for such a review has been received").

[20] Moreover, while Plaintiff argues that the entries at issue
were improperly liquidated pursuant to Commerce Message No.
7310202 (see Am. Compl. ¶¶ 1, 13), Plaintiff does not allege that
the message contained any ministerial error or that it otherwise
failed to accurately reflect the final results of Commerce's
determinations in the instant review. (See generally Am. Compl.).
Thus the true nature of Plaintiff's challenge is not to the
consistency of Commerce's liquidation instructions with the final
results of the administrative review, over which jurisdiction
would be proper under subsection 1581(i) as a challenge to
Commerce's administration of the results of its review, Consol.
Bearings, 348 F.3d at 1002. Rather Plaintiff's action is a

This challenge to Commerce's final determination under

Section 1675 must be brought under 19 U.S.C.

§ 1516a(a)(2)(A)(i)(I), by invoking the court's jurisdiction

---

challenge to those final results themselves. See, e.g., Huaiyin
Foreign Trade Corp. (30) v. U.S. Dep't of Comm., 26 CIT 494, 495,
201 F. Supp. 2d 1351, 1352 (2002), aff'd, 322 F.3d 1369 (Fed.
Cir. 2003); Transcom III, 121 F. Supp. 2d at 693, 695-96.
Compare, e.g., Shinyei 355 F.3d at 1302-05 (challenge to
instructions that failed to include plaintiff's imported
merchandise from manufacturers properly covered by final results
of review appropriately brought under 19 U.S.C. § 702, invoking
the court's jurisdiction under 28 U.S.C. § 1581(i)); Consol.
Bearings, 348 F.3d at 1002 ("[Plaintiff] does not object to the
final results. Rather [Plaintiff] seeks application of those
final results to its entries of [subject merchandise]
manufactured by [a particular producer]. . . . Because
[Plaintiff] is not challenging the final results, subsection (c)
is not and could not have been a source of jurisdiction for this
case. . . . Commerce's liquidation instructions direct Customs
to implement the final results of administrative reviews.
Consequently, an action challenging Commerce's liquidation
instructions is not a challenge to the final results, but a
challenge to the 'administration and enforcement' of those final
results. Thus, [Plaintiff] challenges the manner in which
Commerce administered the final results. Section 1581(i)(4)
grants jurisdiction to such an action."); Am. Signature, Inc. v.
United States, 598 F.3d 816 (Fed. Cir. 2010) (jurisdiction under
subsection 1581(i) is proper over challenge to allegedly
erroneous liquidation instructions, where final results
themselves were not contested) with Huaiyin Foreign Trade Corp.,
26 CIT at 495, 201 F. Supp. 2d at 1352 (jurisdiction under
1581(c) over challenge to Commerce's inclusion within scope of
review coverage entries from producers/exporters for whom no
review was specifically requested but who were determined to be
covered by review as part of the PRC-wide entity pursuant to the
doctrine of conditional coverage); Transcom III, 121 F. Supp. 2d
at 693, 695 (jurisdiction pursuant to 1581(c) when plaintiff
"contends that under 19 U.S.C. § 1675(a) . . . Commerce lacked
authority to review and impose the resulting determinations upon
entries of any company other than those identified by name in the
Notice of Initiation" (citations omitted)); Transcom, Inc. v.
United States, 22 CIT 315, 320, 5 F. Supp. 2d 984, 988 (1998)
(same), rev'd on other grounds, 182 F.3d 876 (Fed. Cir. 1999).

under 28 U.S.C. 1581(c) after satisfying the statutory

prerequisites for access to judicial review of the agency action.

See, e.g., Transcom III, 121 F. Supp. 2d at 693, 695

(jurisdiction pursuant to 1581(c) when plaintiff "contends that

under 19 U.S.C. § 1675(a) . . . Commerce lacked authority to

review and impose the resulting determinations upon entries of

any company other than those identified by name in the Notice of

Initiation" (citations omitted)). See also Miller, 824 F.2d at

964 (holding that action challenging Commerce's authority to

conduct review and subject respondents to its final results falls

under 28 U.S.C. § 1581(c), because "[u]nder 28 U.S.C. § 1581(c)

and 19 U.S.C. § 1516a, the procedural correctness of a[n]

[antidumping] duty determination, as well as the merits, are

subject to judicial review"); 28 U.S.C. § 1581(i) ("This

subsection shall not confer jurisdiction over an antidumping []

duty determination which is reviewable [] by the Court of

International Trade under section 516A(a) of the Tariff Act of

1930 . . . ."); 5 U.S.C. § 703 ("The form of proceeding for

judicial review [of agency action] is the special statutory

review proceeding relevant to the subject matter in a court

specified by statute . . . .").

Thus, the facts stated in Plaintiff's complaint essentially

allege a cause of action which could and should have been brought

under 19 U.S.C. § 1516a, jurisdiction over which claim is proper

in this Court pursuant to 28 U.S.C. § 1581(c).  Plaintiff,
however, by choosing not to participate in the applicable
administrative review (Am. Compl. ¶ 4), has failed to meet an
essential prerequisite for bringing its cause of action under
Section 1516a, and Plaintiff may not now use the APA and
Subsection 1581(i) to circumvent the statutory requirements
imposed by Congress for bringing precisely the type of claim that
Plaintiff seeks to have adjudicated. Nat'l Corn Growers Ass'n,
840 F.2d at 1560; Miller, 824 F.2d at 964.  Plaintiff lacks
standing to proceed under 1581(c) due to its own failure to
participate in the administrative review proceeding.  See 28
U.S.C. 2631(c).

     Further, recourse to an independent cause of action under
the APA and this Court's residual jurisdiction under 28 U.S.C.
§ 1581(i) is not available to Plaintiff on the ground that
jurisdiction under subsection (c) would have been manifestly
inadequate.  As the Federal Circuit held in Miller, the use of
"the § 1581(c) remedy" by other litigants in Plaintiff's position
is persuasive of its adequacy. Miller, 824 F.2d at 964.  As noted
above, "the § 1581(c) remedy" has repeatedly and consistently
been used by litigants in Plaintiff's position to bring precisely
the types of claims for which Plaintiff now seeks relief.

     The fact that Plaintiff "chose not to participate in the
applicable administrative review and hence ha[s] no standing

under 28 U.S.C. § 1581(c)" (Am. Compl. ¶ 4) does not make the

remedy itself inadequate. See Miller, 824 F.2d at 964

(jurisdiction under Subsection 1581(i) not available because

plaintiff could have availed itself of the remedy under

Subsection 1581(c), despite plaintiff's failure to participate in

review and consequent lack of standing to bring action under

Subsection 1581(c); fact that other plaintiffs brought similar

challenges to that brought by plaintiff in that case showed that

remedy under 1581(c) was not manifestly inadequate).  Indeed, as

noted above, the broad provisions of the APA and Subsection

1581(i) were not intended to allow claimants to get around the

statutory requirements for bringing a claim in this Court which

could and should have been brought under Section 1516a. See Nat'l

Corn Growers Ass'n, 840 F.2d at 1557 ("[Plaintiffs] may not

circumvent the proper jurisdictional statute by asserting that

their decision not to proceed under the proper congressional

mechanism renders their available remedies manifestly

inadequate." (citation omitted)).[21]

_____

[21] See id. at 1558 ("[W]here Congress has prescribed in great
detail a particular track for a claimant to follow, in
administrative or judicial proceedings, and particularly where
the claim is against the United States or its officials in their
official capacity, the remedy will be construed as exclusive
without a specific statement to that effect.  The claimant will
not be allowed to sail past carefully constructed limitations
simply by invoking other and more general legislation.  This is
so even when the general legislation might have been construed to
cover the case if the specific legislation had not been
enacted.").

Moreover, this is not a case where Plaintiff could not
possibly have availed itself of the remedy under Subsection
1581(c), as would be the case if Plaintiff had received *no* notice
of its entries being subjected to the review in time for
Plaintiff to participate in the administrative proceeding.  While
Plaintiff argues, in its response to Defendant's motion to
dismiss, that "despite the so-called 'conditional notice'
language in the Initiation Notice, until the final results were
published in this review, [Plaintiff] had no reason to believe
that its entries would be subject to a revised antidumping rate"
(Pl.'s Resp. 9), Plaintiff does not dispute that the Notice of
Initiation did contain such "'conditional notice' language." (See
id.)

As the court noted in Transcom III, "[t]he statement that
'[a]ll other exporters of [subject merchandise] are conditionally
covered by this review' gave [Plaintiff], a seasoned importer,
more than sufficient constructive notice that the particular
entries in which [Plaintiff] had an interest could possibly be
affected by the administrative review." Transcom III,
121 F. Supp. 2d at 701 (footnote omitted).  In the case at bar,
as in Transcom III, "[h]ad [Plaintiff] been in doubt about the
meaning of the term ['conditionally covered'], it was but a phone
call away from the answer." Id. at 702; see also id. at 701 n.10
(noting that constructive notice includes inquiry notice (quoting

Black's Law Dictionary 1062 (6th ed. 1990))); Deseado Int'l, Ltd.
v. United States, 600 F.3d 1377, 1380 (Fed. Cir. 2010) (parties
are deemed to have had notice of announcements published in the
Federal Register (citing 44 U.S.C. § 1507; Stearn v. Dep't of
Navy, 280 F.3d 1376, 1384 (Fed. Cir. 2002)).[22]

Therefore, because Sections 1516a and 1581(c) adequately
provided potential relief for the true nature of Plaintiff's
complaint, a cause of action under the APA, with residual
jurisdiction pursuant to § 1581(i), is unavailable. Consol.

---

[22] Plaintiff contends that it did not participate in the
review because, due to the withdrawals of a number of requests
for review, Plaintiff had no reason to believe that there
remained any entries subject to the review until it was revealed,
late in the proceeding, that an entry had been mistakenly
overlooked.  Plaintiff argues that it therefore had no reason to
anticipate, until after its opportunity to participate in the
review had expired, that the antidumping duty rates applicable to
its entries were subject to change.  To the contrary, however,
Plaintiff had every reason to believe that, absent a showing of
independence from the China-wide entity by the producers/
exporters of its merchandise, Plaintiff's entries would be
subject to the final results of Commerce's administrative review
when Jafsam's failure to qualify for a separate rate brought all
producers/exporters of subject merchandise deemed part of the
China-wide entity within the coverage of those final results.
Plaintiff has confirmed that it is not contesting that it did not
have adequate notice of this policy under Transcom IV (see Tel.
Conf. Tr. [Dkt. No. 26], 12, June 9, 2010.), and there is no
indication that the request for review of Jafsam was ever
rescinded.  Accordingly, the fact that an entry from another
company was later revealed to have been overlooked is irrelevant:
Plaintiff should have known that the antidumping duty rate
applicable to its entries was potentially subject to change as of
the Notice of Initiation, and certainly as of Jafsam's failure to
qualify for a separate rate.  Moreover, Plaintiff's challenge to
all or part of Commerce's conduct in this review could and should
have been brought, in the first instance, before the agency and,
as necessary, before this Court under 28 U.S.C. § 1581(c).

Bearings, 348 F.3d at 1002; Miller, 824 F.2d at 963-64.  Further,

because Plaintiff received inquiry notice that its entries may be

affected by the instant administrative review, see Transcom III,

121 F. Supp. 2d at 701, and yet nevertheless "chose not to

participate" (Am. Compl. ¶ 4), Plaintiff may not now avail itself

of the court's jurisdiction pursuant to Subsection 1581(c)

because it lacks standing to do so.  Nucor, 31 CIT at __, 516 F.

Supp. 2d at 1349 (dismissing action because plaintiff did not

participate in administrative review to the extent necessary to

qualify as a party to that proceeding under Subsection

1581(c)).[23]

_____

   [23] The court is also precluded from exercising Subsection
1581(c) jurisdiction over this case because Plaintiff's complaint
is untimely for purposes of that subsection.  28 U.S.C. § 2636(c)
states that "[a] civil action contesting a reviewable
determination listed in section 516A of the Tariff Act of 1930
[as amended, 19 U.S.C. § 1516a] is barred unless commenced in
accordance with the rules of the Court of International Trade
within the time specified in such section."  Section 516A, as
amended, 19 U.S.C. § 1516a, in turn specifies that an interested
party may commence an action challenging a final determination
made by the Department of Commerce under 19 U.S.C. § 1675 within
thirty days after the date of publication in the Federal Register
of the notice of such determination. 19 U.S.C.
§ 1516a(a)(2)(A)(i)(I).  The Federal Circuit has concluded that
the time restrictions in these statutory provisions are a plain
and unambiguous element of the court's jurisdiction. NEC Corp. v.
United States, 806 F.2d 247, 248-49 (Fed. Cir. 1986); see also
Former Employees of IBM Corp. v. Chao, 292 F. App'x 902, 908
(Fed. Cir. 2008) (holding that when a statute "specifies that a
plaintiff's action is 'barred' unless filed within 60 days after
the date of notice of the Department [of Labor]'s determination,
failure to comply with the terms divests the court of
jurisdiction over the plaintiff's claims").  In the instant case,
the final results of Commerce's administrative review were
published on September 11, 2007.  Plaintiff filed its summons on

### CONCLUSION

For the foregoing reasons, the court concludes that the Plaintiff lacks standing to invoke the court's subject matter jurisdiction to hear its claim.  This case must therefore be DISMISSED.  Judgment will be entered accordingly.

It is **SO ORDERED**.

/s/ Donald C. Pogue
Donald C. Pogue, Judge

Dated:     June 25, 2010
           New York, N.Y.

---

August 21, 2009.  Plaintiff did not commence suit within the specified time frame.  Thus, Plaintiff's suit is "barred." 28 U.S.C. § 2636(c).

The court notes also that, to the extent Plaintiff might seek to preserve for judicial review the denial of its protest by Customs, Plaintiff has not paid the contested duties, and has therefore failed to meet the prerequisites for protest jurisdiction under 19 U.S.C. §§1514-15 and 28 U.S.C. 1581(a). See 28 U.S.C. § 2637(a) ("A civil action contesting the denial of a protest under [19 U.S.C. § 1515] may be commenced in the Court of International Trade only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced . . . ."); see also Am. Air Parcel Forwarding Co. v. United States, 718 F.2d 1546, 1549 (Fed. Cir. 1983) ("It is judicially apparent that where a litigant has access to this court under traditional means, such as 28 U.S.C. 1581(a) [providing for jurisdiction over a cause of a challenge to the denial of a protest under 19 U.S.C. §§ 1514-15], it must avail itself of this avenue of approach complying with all the relevant prerequisites thereto.  It cannot circumvent the prerequisites of 1581(a) by invoking jurisdiction under 1581(i)." (internal quotation marks and citation omitted)).

UNITED STATES COURT OF INTERNATIONAL TRADE

```
┌─────────────────────────────────┐
│ ROYAL UNITED CORP.,             │
│                                 │
│             Plaintiff,          │
│                                 │
│       - v -                     │
│                                 │
│ UNITED STATES,                  │
│                                 │
│             Defendant.          │
└─────────────────────────────────┘
```

Before: Pogue, Judge

Court No. 09-00351

## JUDGMENT

This case having been duly submitted for decision; and the court, after due deliberation, having rendered a decision herein; now therefore, in conformity with said decision, it is hereby

ORDERED, ADJUDGED and DECREED that this case is DISMISSED for lack of subject matter jurisdiction.

/s/ Donald C. Pogue
Donald C. Pogue, Judge

Dated:    June 25, 2010
          New York, N.Y.

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _June 25, 2010_____ By: _/S/ Geoffrey Goell_____
Deputy Clerk